IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKIEM LAWSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOGAN DEDICATED SERVICES, LLC, d/b/a HOGAN TRANSPORTS, JOSHUA LORENTZ, BINDU LOGISTICS, INC.,<br><br>　　　　Defendants. | Case No. 2:25-CV-02059-JAR-TJJ |

## MEMORANDUM AND ORDER

Plaintiff Akeim Lawson filed this personal injury action against Defendants Hogan Dedicated Services, LLC ("Hogan"), Joshua Lorentz ("Lorentz"), and Bindu Logistics, Inc. ("Bindu"). Defendants Hogan and Lorentz filed crossclaims for contribution and indemnity against Bindu.[1] This matter is before the Court on Bindu's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 32) the crossclaims asserted by Hogan and Lorentz. Hogan and Lorentz have not responded and the time to do so has expired. For the reasons stated below, the Court grants Bindu's motion to dismiss Defendants' crossclaims.

### I.  Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[2] and must include "enough facts to state a claim for relief that is plausible on its face."[3]

---

[1] Docs. 25, 26.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[3] *Id*. at 570.

Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

---

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[8] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[9] *Id.* at 678–79.

[10] *Id*. at 679.

[11] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

II.  **Background**

Around 1:00 a.m. on February 9, 2023, heavy amounts of ice, sleet, and snow began to fall on I-70 near Leavenworth County, Kansas.  This weather followed heavy rainfall that began the night before.  The road conditions were hazardous; I-70 was packed with snow and high winds obscured visibility in the already-dark early morning.  At or around 3:50 a.m., after over two hours of the gathering of ice and snow, three vehicles heading eastbound on I-70 were involved in a crash: (1) a commercial trailer truck owned by Bindu; (2) a commercial trailer truck operated by Lorentz and owned by Hogan; and (3) a commercial vehicle operated by Lawson.

Lawson's Complaint recounts the responding Kansas Highway Patrol Master's summary of the scene:

> "Driver 1 (Lorentz) attempted to drive around Vehicle 2 (Lawson) on the right, but he slid on the snow-covered road and struck the passenger's side of Vehicle 2 (Lawson) and then the rear corner of Vehicle 3's (Bindu) trailer."[12]

Lawson pleads that the Defendants knew, or should have known, of the hazardous road conditions, and that they failed to exercise ordinary care in response to those conditions, causing Lawson's injuries due to the negligently caused car accident.  Accordingly, Lawson filed his personal injury complaint on February 6, 2025.  Hogan and Lorentz filed their answers and crossclaims against Bindu on June 20, 2025, claiming that the commercial driver of its vehicle caused the accident and that they are seeking contribution and indemnity.

III.  **Analysis**

Bindu filed its motion to dismiss (Doc. 32) on September 24, 2025; neither Hogan nor Lorentz responded and the time to do so has expired.  Under D. Kan. Rule 7.1(c), "[i]f a response

---

[12] Doc. 1 ¶ 22.

3

is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Consistent with D. Kan. R. 7.1(c), the Court considers and decides Bindu's motion to dismiss as uncontested.[13] Alternatively, Bindu's motion to dismiss is granted on the merits for two principal reasons. First, Kansas law does not recognize a right of contribution between alleged joint tortfeasors. Second, the indemnity causes of action are time-barred under the applicable statute of limitations.

### A. Contribution Crossclaims

Under Kansas law, the doctrine of contribution was abolished when comparative fault was adopted, therefore no cause of action for contribution arises under Kansas law.[14] The crossclaims explicitly seek to establish Bindu as a "joint tortfeasor" to apportion any fault among the three Defendants.[15] Hogan and Lorentz plead they are due this relief under theories of "indemnity and contribution against [Bindu]."[16] Succinctly, the traditional doctrine of contribution between joint tortfeasors is unnecessary, for "[t]he individual liability of each defendant for payment of damages will be based on proportionate fault . . . ."[17] As such, Kansas eliminated as a matter of law contribution among joint tortfeasors in comparative negligence

---

[13] *Meyer v. State Auto. Mut. Ins.*, No. 23-2357-DDC-GEB, 2023 WL 6961981, at *3 (D. Kan. Oct. 20, 2023) (granting a motion to dismiss as unopposed but also finding dismissal would have been warranted on the merits).

[14] *See, e.g.*, *Nolde v. Hamm Asphalt, Inc.*, 202 F. Supp. 2d 1257, 1266 (D. Kan. 2002) (citing *Wilson v. Probst*, 581 P.2d 380, 384 (Kan. 1978)).

[15] Doc. 10 at 24; Doc. 11 at 24.

[16] *Id.*

[17] *See Nolde*, 202 F. Supp. 2d at 1266 (alteration in original) (quoting *Wilson*, 581 P.2d at 384).

cases.[18] Therefore, Hogan and Lorentz do not have a legally cognizable claim for contribution under Kansas law.

### B. Indemnity Crossclaims

Hogan and Lorentz also plead crossclaims for "indemnity" without elaborating which theory of indemnity is applicable. Kansas law recognizes two traditional theories of indemnity. "The first (and more usual, since indemnity is a creature of contract) occurs when there is an express contract of indemnity, such as a 'hold harmless' agreement."[19] The second theory is an implied indemnity cause of action.[20] Here, the cross-claimants do not plead express contractual indemnity; accordingly, the Court construes them as implied indemnity causes of action.

An implied indemnity claim may arise "when one is compelled to pay what another party ought to pay. The implied or constructive liability usually arises when one personally, without fault, is made to pay for a tortious act of another. The person paying has a right of action against the person at fault."[21] Here, the Court finds that the cross-claimants fail to plausibly allege an implied indemnity claim because the facts alleged demonstrate that they were not compelled to pay in the present action. No finding of liability or damages has been made. In fact, if the cross-claimants are found not liable, they would have no cause of action against any third party for indemnity. Therefore, even assuming an implied indemnity claim is otherwise available to Hogan and Lorentz, it is not ripe. Further, to the extent the crossclaims allege implied indemnity

---

[18] *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983).

[19] *Kennedy v. City of Sawyer*, 618 P.2d 788, 799 (Kan. 1980).

[20] *Id.*

[21] *Hartford Fire Ins. v. P&H Cattle Co.*, No. 05-2001-DJW, 2006 WL 2135189, at *3 (D. Kan. July 28, 2006) (quoting *Haysville U.S.D. No. 261 v. GAF Corp.*, 666 P.2d 192, 199 (Kan. 1983)).

based on the dichotomy of active/passive negligence, such a cause of action is likewise unavailable.[22]

Finally, notwithstanding the foregoing, Hogan's and Lorentz's indemnity crossclaims are time barred.  "A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss when the dates given in the complaint and incorporated documents 'make clear that the right sued upon has been extinguished.'"[23]  Under Kansas law, "the statute of limitations for a comparative implied indemnity claim begins to run when the underlying plaintiff's cause of action accrues."[24]  Kansas law provides a two-year statute of limitations for personal injury claims.[25]

Here, Lawson, Hogan, and Lorentz all plead that the underlying car accident occurred on February 9, 2023.  Lawson filed his Complaint on February 6, 2025.  Hogan and Lorentz filed their answers and crossclaims on June 20, 2025—132 days after the statute of limitations expired.  Accordingly, assuming the implied indemnity claims are otherwise legally cognizable, such claims are nevertheless time barred under K.S.A. § 60–513(a)(4).

**IT IS THEREFORE ORDERED BY THE COURT** that Bindu's Motion to Dismiss Crossclaims (Doc. 32) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 2, 2026

---

[22] *Id.* ("The statutory adoption of comparative negligence in Kansas has had the effect of abrogating the concept of indemnification based on the dichotomy of active/passive negligence.").

[23] *Heter v. City of Hutchinson*, 851 F. Appx 874, 875 (10th Cir. 2021) (footnote omitted) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041, n.4 (10th Cir. 1980).

[24] *Reeve v. Union Pac. RR.*, 790 F. Supp. 1074, 1078 (D. Kan. 1992) (recognizing the Kansas Supreme Court's emphasis of the importance of putting the third-party defendant on notice of the potential claim against him by the third-party plaintiff, and that running the clock when the underlying claim accrues effectuates that goal).

[25] K.S.A. § 60–513(a)(4).

Case 2:25-cv-02059-JAR-TJJ   Document 61   Filed 02/02/26   Page 7 of 7

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
