**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

AKIEM LAWSON,                              )
                                          )
                        **Plaintiff,**    )
                                          )
v.                                        )          **Case No. 25-cv-2059-JAR-JBW**
                                          )
HOGAN DEDICATED SERVICES LLC,  )
et al.,                                   )
                                          )
                        **Defendants.**   )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Bindu Logistics Inc. (Dkt. 53). Pursuant to Fed. R. Civ. P. 37 and D. Kan. Rule 37.1, Plaintiff asks the Court to overrule the objections of Defendant Bindu Logistics Inc. ("Bindu") and order it to provide full and complete responses to Plaintiff's First Interrogatories and Requests for Production and to determine the sufficiency of Bindu's answers to Plaintiff's Requests for Admission. Bindu opposes the motion. As set forth below, Plaintiff's motion is granted in part and denied in part.

**I.      Background**

Plaintiff Akiem Lawson brings this action against Defendants Hogan Dedicated Services LLC d/b/a Hogan Transports ("Hogan Transports"), Joshua Lorentz ("Lorentz"), and Bindu. This case arises from a commercial motor vehicle accident that occurred on I-70 eastbound in Leavenworth County, Kansas on February 9, 2023. The area was receiving a heavy amount of snow at the time of the accident. Plaintiff alleges Kuljinder Singh, a driver/employee/agent of Bindu, crashed a commercial vehicle in the left lane, leaving Bindu's trailer jackknifed and blocking the roadway in front of Plaintiff. Plaintiff attempted to avoid the Bindu trailer but Lorentz, who was also traveling in the eastbound lanes of I-70, attempted to drive around Plaintiff. In doing

so, Lorentz slid on the snow-covered road and struck the passenger side of Plaintiff's vehicle, as well as the rear corner of Bindu's trailer. Lorentz was driving a commercial vehicle owned and operated by Hogan Transport. Plaintiff brings claims of negligence against Lorentz and Hogan Transport (Count I) and against Bindu (Count II).

Plaintiff served his First Requests for Production of Documents ("RFPs"), First Set of Interrogatories, and First Request for Admission ("RFAs") to Bindu on August 14, 2025.[1] Bindu served its responses to these discovery requests on October 15, 2025.[2] Pursuant to D. Kan. Local Rule 37.2, counsel conferred in good faith to resolve the disputes and could not reach an agreement. The Court held a telephone conference with counsel for Plaintiff and Bindu regarding the dispute on December 17, 2025, and set a deadline for Plaintiff to file any Motion to Compel regarding Defendant's responses by January 5, 2026.[3]  Plaintiff filed his Motion to Compel by the deadline and that motion became ripe for ruling in front of the Court on January 27, 2026. Since the filing of the Motion, Bindu has supplemented its production and withdrawn its objections to Interrogatories 1, 2, 4, 6, and 10, and Request for Production 1, 3, 11, 19, 25, 26, 27, 28, 30, 34, 35, 36, 38, 45, 46 and 64. Bindu further states it has complied with RFP 22. The Court addresses the remaining objections below.

## II.    Applicable Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] Notice of Service of Discovery Requests, Dkt. 23.

[2] Cert. of Service, Dkt. 37.

[3] Minute Entry, Dkt. 48.

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The requested information must be "nonprivileged, relevant, and proportional to the needs of the case to be discoverable."[4] Rule 26(b)(2)(C)(i) also requires the court to limit the frequency or extent of discovery otherwise allowed if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

A party serving requests for production of documents may move for an order compelling discovery under Rule 37(a) if the objecting party fails to produce the documents requested under Rule 34.[5] The burden is on the nonmoving party to support its discovery objections with specificity and, where appropriate, with reference to affidavits and other evidence.[6]

If the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined by Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm in responding to the request would outweigh the presumption of broad disclosure.[7] When the relevancy of the request is not readily apparent on its face, the party seeking discovery has the burden to shoe the relevancy of the request.[8] Relevancy determinations

---

[4] *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

[5] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[6] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

[7] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[8] *Id.*

are made on a case-by-case basis.[9] A request for production is overly broad or unduly burdensome on its face if it "(1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information."[10]

### III. Defendant Bindu's Generalized Objections to Plaintiff's Interrogatories and Requests for Production

#### A. Defendant Bindu's Objections on the Basis of Attorney-Client Privilege and Work Product and Failure to Provide a Privilege Log

Bindu objects to several discovery requests, particularly RFP 20 aimed at the claim file, by asserting attorney-client privilege and work product. Bindu has not provided Plaintiff with a privilege log describing the documents being withheld on the basis of privilege. Bindu argues "it is not required to provide a privilege log for post-litigation materials prepared in anticipation of litigation and that is has not waived any applicable attorney-client or work-product protections with respect to such materials."[11] Plaintiff argues due to Bindu's failure to provide a privilege log, it has waived its claims of privilege.

The Court disagrees with both parties. "[I]t would be a vast overstatement that post-litigation privileged material *always* must be logged at the risk of suffering a waiver of the privilege, and likewise it would be completely inaccurate to say . . . that litigants can *never* be required to provide such post-litigation logs."[12] Bindu asserts that documents being withheld were prepared in anticipation of litigation and are protected by the work product doctrine are not subject to disclosure. However, without the information usually contained in the privilege log—such as

---

[9] *Id.*

[10] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006).

[11] Def. Bindu's Response in Opp. to Plaintiff's Mot. to Compel, Dkt. 59, p. 8.

[12] *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552-EFM, 2009 WL 129361, at *8 (D. Kan. Jan. 20, 2009) (emphasis in original).

the source, recipient, date of preparation, purpose, and claimed privilege—the Court is without sufficient information to determine whether each element of the attorney-client privilege or work product doctrine have been satisfied. Further, Bindu does not provide any information regarding how many responsive documents are being withheld on the grounds of attorney-client privilege or work product, or any other indication that it would be unduly burdensome for Bindu to create a privilege log.[13]

The Court notes that in Bindu's response to the motion it states: "The fact that a request is objectionable because it impermissibly seeks privileged materials does not obligate a responding party to create a privilege log for documents that do not exist or that have not been withheld."[14] This statement makes it unclear whether any documents are actually being withheld on the basis of privilege, or whether there are no documents responsive to Plaintiff's requests. Therefore, the Court orders Bindu to supplement its responses to clarify whether any materials responsive to the requests exist, and whether they have been produced or are being withheld on the basis of privilege. If any documents are being withheld on the basis of privilege, Bindu must produce a privilege log to Plaintiff within thirty (30) days of this Order.

### B. Bindu's Objections as to Producing Information as to Kuljinder Singh

The parties appear to have a factual dispute as to the driver of the Bindu vehicle. The Kansas Highway Report identifies the driver as "Kuhjinder Singh." However, Bindu claims Singh was not actually the driver, but rather, was a passenger in the Bindu vehicle.[15] Bindu objects to

---

[13] *See Thermal Sols., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-cv-02220-JWL-DJW, 2010 WL 11431562, at *9 (D. Kan. Apr. 28, 2010).

[14] Def. Bindu's Response in Opp. to Plaintiff's Mot. to Compel, Dkt. 59, p. 9.

[15] *Id.* at p. 1.

several requests that seek information regarding Singh on the basis he "is not a party to this lawsuit and does not appear to have any connection to the claims or defenses in this matter" and such requests seek "information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence." In some instances, the parties have agreed to limit the requests to "the driver of the Bindu" vehicle, rather than Singh. While the Court appreciates counsel's cooperation, the issue of the driver of the Bindu vehicle should have been investigated by Bindu long ago. Bindu's objection that Singh "does not appear to have any connection to the claims or defenses in this matter" is a factual determination Bindu has unilaterally made and not a proper objection to the discovery requests. Given that Singh is listed as the driver in the Kansas Highway Report and is alleged to be the driver in Plaintiff's Complaint (and apparently was at the very least a passenger and witness to the accident), regardless of whether he was the driver, he likely does have some connection to the claims or defenses in this matter that warrant further factual investigation. Further, the Court finds the delay in producing information as to the very identity of the driver of the Bindu vehicle to be troubling. Therefore, the Court overrules Bindu's objections on this basis and orders Bindu to respond to the requests in which Bindu has lodged this objection with the information for Singh ***and*** whomever Bindu has identified as the driver of the Bindu vehicle.

### C.  Bindu's Boilerplate Objections

In response to several of Plaintiff's requests, Bindu asserts various boilerplate objections that the requests and interrogatories at issue seek irrelevant information, are not calculated to lead to the discovery of admissible evidence, and are overly broad, unduly burdensome, and vague. Plaintiff addresses these objections in its Motion to Compel. In several instances, Bindu fails to respond to Plaintiff's arguments about them. These objections are not accompanied by facts

6

justifying the objections and are wholly unsupported. In those instances, as discussed below, the Court overrules Bindu's boilerplate objections.[16]

Additionally, in response to several of Plaintiff's requests, Bindu asserts responding to various requests would be unduly burdensome. Bindu fails to substantiate any of these objections, and does not set forth an assessment of the costs in time and/or money it would incur if it produced the requested discovery. Bindu cites *Mackey v. IBP, Inc.*,[17] for the proposition that "[a] party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." This Court agrees that an objecting party's "failure to meet its evidentiary burden is not necessarily fatal to its claim that the requests are unduly burdensome. This Court has fashioned an exception to the rule requiring evidentiary support which applies when the discovery request is unduly burdensome on its face."[18] However, most of Plaintiff's requests are not unduly burdensome on their face, and regardless of whether Bindu believes the requests are unduly burdensome, Bindu is not relieved of its obligation to provide responses to the extent the request is not objectionable, which it has failed to do.[19]

IV. **Defendant's Bindu's Request Specific Objections to Plaintiff's Interrogatories and Request for Production**

A. **Discovery Directed at Accident Information: Interrogatories 5 & 8, RFPs 12, 17, 23, 24, 33, 41, 47, & 50.**

---

[16] *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004).

[17] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996).

[18] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

[19] *Id.*

Plaintiff's Interrogatories 5 & 8 and RFPs 12, 17, 22, 23, 24, 33, 41, 47, and 50 seek information regarding the investigation of the subject collision, including witness statements, law enforcement reports, and prior claims involving Singh/the Bindu driver.

Interrogatory 5 seeks contact information for all known eyewitnesses to the collision giving rise to the lawsuit, and any summary of statements eyewitnesses made regarding the collision. Bindu contends it has identified all eyewitnesses to the collision, but to the extent Plaintiff seeks "summaries of witness statements obtained in anticipation of litigation, such information constitutes protected work product and is not discoverable."[20] As discussed above, without a privilege log, the Court is unable to assess the merits of Bindu's claim of privilege or work product protections. Therefore, the Court orders Bindu to supplement its response to Interrogatory 5 and clarify the extent to which responsive documents have been produced, and to provide a privilege log outlining what documents, if any, are being withheld on the basis of privilege. Interrogatory 8 asks whether Bindu or anyone acting on Bindu's behalf "conducted any investigation of any fact or witness pertaining to the subject matter of this litigation,"[21] and if any investigation was conducted to provide any documents that were prepared or received as a result of the investigation. Bindu objects to the interrogatory on the basis it is overbroad, unduly burdensome, and not proportional to the needs of the case. Bindu argues responding to the interrogatory would require it to "catalog virtually every investigative effort related to this litigation."[22] The Court agrees Interrogatory 8 is overly broad in that it is not limited as to subject matter other than "the subject matter of this litigation." The Court therefore limits Interrogatory 8 to "the collision that occurred

---

[20] Def. Bindu's Response in Opp. to Pl.'s Mot. to Compel, Dkt. 59, p. 3.

[21] Def. Bindu's Answers and Objections to Pl.'s Interrogatories, Dkt. 53-1, p. 4.

[22] Def. Bindu's Response in Opp. to Pl.'s Mot. to Compel, Dkt. 59, p. 3.

on February 9, 2023."[23] The Court finds investigative efforts taken in response to the accident to be narrowly tailored and proportional to the needs of this case, and Bindu has failed to show how responding to the interrogatory would be unduly burdensome. Therefore, the Court overrules Bindu's objection to Interrogatory 8 and orders Bindu to supplement its response to Interrogatory 8 as described herein.

Similarly, RFPs 12 and 17 seek copies of reports made by lay persons or others "pertaining to any investigation of the incident."[24] For clarity, the Court limits "incident" to "the collision that occurred on February 9, 2023." For the reasons stated above, the Court also overrules Bindu's scope and proportionality objections to RFPs 12 and 17, and orders Bindu to supplement its response to these RFPs as described herein.

RFP 23 seeks telephone records and itemized billing statements for all cellular telephones which Singh/the Bindu driver used on the date of the subject collision. Bindu also objects to RFP 23 on the basis the request is not limited to a time period. The RFP is not clear as to whether it only seeks the records from the date of the accident, or whether it seeks records from all cellular telephones used on the date of the accident for an indefinite period. The Court therefore clarifies and limits the request to all telephone records and itemized billing statements from February 9, 2023, the date of the subject collision, for all cellular telephones which Singh/the Bindu driver used on the date of the subject collision. The Court orders Bindu to supplement its response to RFP 23 as described herein.

---

[23] While omnibus terms such as "pertaining to" may be facially overbroad in some instances, when "the omnibus phrase modifies a sufficiently specific type of information, document, *or event*, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face." *Harrington v. Kansas*, No. 5:20-CV-4081-HLT-KGG, 2021 WL 5505452, at *2 (D. Kan. Nov. 24, 2021) (emphasis added).

[24] Def. Bindu's Responses and Objections to Pl.'s First Request for Production of Documents, Dkt. 53-2, pp. 5, 6.

RFP 24 seeks "[a]ll documents and other tangible evidence related to prior claims in the past ten years that have been brought against Defendant related to the actions or failure to act of Kuljinder Singh."[25] Bindu objects on the basis the request is overly broad, not proportional to the needs of the case, is not limited in time or subject matter, seeks irrelevant information, and seeks information that is confidential. The Court agrees the RFP is overly broad in its definition of a claim, and the inclusion of "or any other matter that could be construed to be a claim." The Court finds this language to be vague and overly broad, and sustains Bindu's objection in part. Otherwise, the Court overrules Bindu's objections. The request is limited to a ten-year period and subject matter. The RFP does not appear to be unduly burdensome on its face, and Bindu has failed to show otherwise. The Court also finds the relevance of the information sought to be readily apparent, and Bindu has not met its burden of establishing a lack of relevance. Instead, Bindu has merely made a conclusory statement that the request is not "reasonably calculated to lead to the discovery of admissible evidence."[26] Finally, to the extent the Bindu believes the request will require the disclosure of confidential information, "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery," and the Court overrules the objection on that basis.[27] The Court therefore strikes the inclusion of "or any other matter that could be construed to be a claim" from the RFP 24, but otherwise orders Bindu to supplement its response to RFP 24 as described herein.

---

[25] *Id.* at p. 8.

[26]*Id.*; *see G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184-CM, 2007 WL 201150, at *3 (D. Kan. Jan. 22, 2007) ("[t]he burden falls on [the party resisting discovery] to establish the lack of relevance of marginal utility of such information under Fed. R. Civ. P. 26(b)(1). [The party resisting discovery] has done neither, and instead has merely made a conclusory statement that the [discovery requests] 'are not reasonably calculated to lead to discovery of admissible evidence.'").

[27] *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489, 498 (D. Kan. 2001).

RFPs 33, 41, 47, and 50 seek information related to electronic data and video recorded by or stored by the Bindu truck. RFP 33 seeks all data or printouts from on-board recording devices, including but not limited to the electronic control module, event data recorder, any on board computer tachograph, trip monitor, trip recorded, trip master or other recording device for the day of the collision and the six months preceding the collision. Bindu objects on the basis that the request is overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in time, and seeks information that is neither relevant not reasonably calculated to lead to discovery of admissible evidence in requesting such materials for the day of the subject accident and six months prior. The Court overrules Bindu's objections. Bindu fails to support its objections to RFP 33 and does not discuss the request at all in its Response to Plaintiff's Motion to Compel. An objecting party "must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."[28] Bindu's objections to RFP 33 are overruled and he is ordered to supplement its response.

RFP 41 seeks "[a]ll downloadable computer data from the vehicle's computer system."[29] Bindu object on the basis the request is not reasonably limited in time, proportional to the needs of the case, seeks information that is not relevant, and is vague and ambiguous to the extent "the vehicle" means anything other than Bindu's vehicle involved in the subject accident. The Court agrees the request is overly broad in that it is not reasonably limited in time, and therefore limits the request to six months preceding the date of the accident. In light of this temporal limitation, the Court finds the request is proportional to the needs of the case. The Court overrules Bindu's

---

[28] *Sonnino*, 221 F.R.D. at 670–71.

[29] Def. Bindu's Responses and Objections to Pl.'s First Request for Production of Documents, Dkt. 53-2, p. 14.

remaining objections, and finds that the computer data from the vehicle's computer system is facially relevant to this action and Bindu has not met its burden of establishing a lack of relevance.[30] Though in the context of this action and the requests for production the Court does not believe "the vehicle" is vague and clearly refers to the Bindu vehicle, the Court clarifies that Bindu is ordered to supplement its response and to produce all downloadable computer data for its vehicle that was involved in the subject accident for the six months preceding the accident through the date of the accident.

RFP 47 seeks any and all information and data, related to the accident, relating to telematics system within the subject power unit, including but not limited to GPS location, time, accelerometer data and to identify whether that data was uploaded to a cloud-based network and the name and address of the custodian of the data. Bindu objects on the basis of privilege,[31] and because the request is overly broad, unduly burdensome, and not proportional to the needs of the case due to the inclusion of the phrases "any and all" and "relating to the telematics system." RFP 50 seeks any and all information, including videos and photos, relating to all cameras within the Bindu vehicle for 12 hours before and after the subject incident. Bindu again objects to the request as being overly broad, unduly burdensome, and not proportional to the needs of the case. In its Response to the Motion to Compel, Bindu clarifies these objection stating "Plaintiff's Motion to Compel should be denied as to RFP 47 and 50 to the extent they seek materials beyond the telematics data, photographs, or video footage."[32] The Court does not find RFPs 47 and 50 seek

---

[30] *See G.D.*, 2007 WL 201150, at *3.

[31] Again, Bindu has made these objections without providing a privilege log, and the Court is unable to make a determination as to the validity of the privilege objection. Therefore, any documents being withheld on the basis of privilege must be included in a privilege log.

[32] Def. Bindu's Response in Opp. to Pl.'s Mot. to Compel, Dkt. 59, p. 10.

information beyond the telematics data, photographs, or video footage. The RFPs, as Plaintiff states in its Reply, seek a "finite, objective data sets regarding the truck's speed, braking, and location" and the photos and videos from the trailers on the day of the accident.[33] The Court therefore orders Bindu to supplement its responses and fully respond to RFPs 47 and 50.

### B. Discovery Directed at Normal Litigation Documents: Interrogatories 9 & 13, RFPs 2, 7, 8, 9, 10, 14, 15, and 37

Plaintiff states Interrogatories 9 and 13, and RFPs 2, 7, 8, 9, 10, 14, 15, and 37 seek fundamental litigation information, including contentions regarding scope of employment and comparative fault, prior claims history, documents supporting affirmative defenses, statements from Plaintiff, collision registers, and photographic evidence of the scene and vehicles. Despite Bindu's assertion that its objections "are discussed in detail" in its response to "address the specific assertions made in Plaintiff's Motion to Compel," Bindu fails to substantiate or even address its objections to several of the Interrogatories or RFPs.[34] In fact, only Interrogatories 9 and 13, and RFPs 2 and 14 are discussed in any detail in Bindu's response. Nevertheless, the Court has reviewed Bindu's objections to RFPs 7, 8, 9, 10, 15, and 37. The objections are largely conclusory or boilerplate, and made on the bases the requests are overly broad, unduly burdensome, not proportional to the needs of the case, and seek information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible to the discovery of

---

[33] Pl.'s Reply in Support of Pl.'s Mot. to Compel, Dkt. 60, p. 3.

[34] Def. Bindu's Response in Opp. to Pl.'s Mot. to Compel, Dkt. 59, p. 5.

evidence. Bindu's objections to RFPs 7, 8, 9, 10, 15, and 37 are wholly unsupported, and the Court overrules them.[35]

Interrogatory 9 is a contention interrogatory seeking information regarding assertions of comparative fault. Generally, "'contention interrogatories' are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case."[36] However, contention interrogatories may properly ask for "principal" or "material" facts which support an allegation or defense, and may seek the identities of knowledgeable persons and supporting documents for the "principal" or "material" facts supporting an allegation or defense.[37]

Interrogatory 9 asks Bindu to state the names of any persons in relation to said allegations of negligence, the specific allegation or claim of negligence of the third person or legal entity, every fact which would support allegations of contributory negligence, and to identify each and every written document or instrument which related in any way to the facts set forth in the response. Bindu objects on the basis that the interrogatory is overly broad and unduly burdensome, not proportional to the needs of the case, and it calls for a narrative response by seeking all supporting facts or documents. The Court agrees Interrogatory 9 is overly broad and unduly burdensome on its face to the extent it asks Bindu to state "all" facts that support its defense and to identify "any" persons who have knowledge of the facts that support each defense, and requires Bindu to provide a narrative of its case. Therefore, the Court will order Bindu to supplement its

---

[35] *Sonnino*, 221 F.R.D. at 670–71. In its objection to RFPs 9, 10, 15, and 17, Bindu also broadly objects on the basis such information may be protected by attorney client privilege or work product protections. As discussed above, to the extent Bindu's responses include privileged materials, such materials must be included in a privilege log.

[36] *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

[37] *Id.*

response to Interrogatory 9 to provide "material" or "principal" facts and written documents that support Bindu's claims of contributory negligence.

Interrogatory 13 asks if any claims have been made against Bindu alleging damages resulting from the negligence of its drivers in the past five years. Bindu object on the basis the interrogatory is facially overbroad and unduly burdensome, not proportional to the needs of the case, lacks any limitation as to geographic scope and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Bindu also objects on the basis the phrases "claims" and "damages" are vague and ambiguous. Bindu argues in their response the request "seeks expansive historical information unrelated to the subject incident, and imposes a significant burden disproportionate to any marginal relevance."[38] The Court finds the Interrogatory is relevant and not unduly burdensome on its face.[39] It is sufficiently limited to a time period (five years) and subject matter (negligence of Bindu's drivers). Despite Bindu's statement responding would impose a significant burden, it fails to support its objection with any evidence such as the time or cost it would take to respond. In response to Bindu's objection the phrase "claim" is vague and ambiguous, the Court substitutes the word for "lawsuits." And the Court clarifies "damages" to include economic and non-economic monetary damages. Subject to the limitations set forth herein, Bindu must supplement its response to Interrogatory 13 as described herein.

RFPs 2 and 14 seek copies of all documents and photocopies of all photographs Bindu was requested to identify in Plaintiff's interrogatories. Bindu objects on the basis the RFPs are overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably particular,

---

[38] Def. Bindu's Response in Opp. to Pl.'s Mot. to Compel, Dkt. 59, p. 8.

[39] *Smith v. Hillshire Brands*, No. 13-2605-CM, 2014 WL 2804188, at *3 (D. Kan. June 20, 2014) (overruling relevance objections regarding litigation history and finding a party's litigation history is relevant because it could lead to the discovery of admissible evidence regarding a party's credibility and claims for damages).

seek information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence, and seek privileged documents. Bindu argues that the RFPs seek to force Bindu to compile and produce its entire evidentiary record and litigation strategy and produce or identify materials that are otherwise not discoverable. The Court disagrees. If documents are not attached to interrogatories, a separate formal request for production is the standard mechanism to obtain the production of the identified documents. To the extent any of the requested documents are privileged, Bindu must provide Plaintiff with a privilege log, but it otherwise must supplement its responses and fully respond to RFPs 2 and 14.

### C.  Discovery Directed at Driver Communications: RFPs 60, 61, 62, and 63

RFPs 60, 61, 62, and 63 seek electronic communications exchanged between the driver of the Bindu vehicle, his supervisors, and Defendant's safety personnel during the period surrounding the collision and subsequent investigation. RFPs 60 and 62 seek copies of text messages and emails for a period between February 9, 2023, and June 13, 2024, and include various search terms. In light of Bindu's objections, Plaintiff has agreed to limit the request temporally to 90 days post-accident. The Court finds this is a reasonable temporal limitation. Bindu also objects to the requests on the basis the requests are facially overbroad, unduly burdensome, not proportional to the needs of the case, not limited in subject matter, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's search terms are overly expansive. First, the Court overrules Bindu's objections to relevance; the requests are clearly relevant to this action. Next, the Court does not find the request to be facially overbroad and not limited in subject matter. Though Plaintiff provides several search terms, most appear to be highly specific, and include strings of numbers and letters that are unlikely to elicit several hits, as well as names of actors alleged to be involved in the accident. The "generic terms" Bindu

16

complains of, including "snow," "ice," "visibility," "jackknife," etc., which are all related to Plaintiff's theory of how the underlying accident occurred, and the Court finds they are sufficiently specific. Further, in light of Plaintiff's new temporal limitation, the number of text messages and emails searched will be significantly reduced. Finally, the Court overrules Bindu's unduly burdensome objection. Again, Plaintiff has significantly limited the timeframe for the search. And, Bindu has failed to explain how responding to the request would be overly burdensome. Bindu does not provide approximately how many documents the search would yield, the cost in terms of money or personnel time, or any other detail that would show responding to the request is unduly burdensome.[40] Therefore, subject to the temporal limitations agreed to by Plaintiff, Bindu must supplement its responses and fully respond to RFPs 60 and 62.

RFPs 61 and 63 similarly seek production of emails and text messages between Singh/the driver of the Bindu vehicle and any supervisor identified in response to Interrogatory 4, or any person identified in response to Interrogatories 7 and 8 as involved in obtaining statements or investigating the matter that (1) were sent or received between February 9, 2023, and May 10, 2023, and (2) contain one or more of the phrases: collision, accident, crash, wreck, incident, report, statement, claim, or investigation. Bindu again objects to the requests on the basis the requests are facially overbroad, unduly burdensome, not proportional to the needs of the case, not limited in subject matter, and seek information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's search terms are overexpansive. The Court again finds the request to be facially relevant, not facially overbroad, and limited in subject matter. The requests at issue are even more narrow than those discussed above, and Bindu's objections

---

[40] *See KPH Healthcare Servs., Inc. v. Mylan, N.V.*, No. 22-cv-02065-DDC-TJJ, 2022 WL 3594584, at *6 (D. Kan. Aug. 23, 2022), objections overruled, No. 20-cv-2065-DDC-TJJ, 2022 WL 17471572 (D. Kan. Dec. 6, 2022).

are similarly as unconvincing. In its Response, Bindu claims the requests seeks expansive categories of information, but again fails to provide any information to support this contention. Therefore, the Court overrules Bindu's objections and orders it to supplement its responses and fully respond to RFPs 61 and 63.

### V. Plaintiff's Requests for Admission[41]

Federal Rule of Civil Procedure 36 governs request for admission. Rule 36(a)(4) and (6) provide the following regarding answers to request for admission:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
> ....
>
> (6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

RFAs have two purposes: (1) to reduce trial time by facilitating proof of disputed issues, and (2) to narrow issues where they can be resolved.[42] The responding party, pursuant to Fed. R. Civ. P. 36, must make a good faith effort to obtain the information so that it can admit or deny the

---

[41] Generally, requests for admission are not challenged in a motion to compel. Instead, Rule 36(a) authorizes a motion to determine the sufficiency of an answer. However, given the parties have briefed the issue, the Court will treat the motion as one to determine the sufficiency of Plaintiff's answers.

[42] Fed. R. Civ. P. 36 advisory committee's note (1970 amend.).

request.[43] "A party unable to admit or deny a request must provide a detailed explanation to describe its inability. A sufficient response must fairly meet the substance of the requested admissions. Determining the sufficiency of a response is within the discretion of the court."[44]

In response to RFA 1, Bindu claims it lacks knowledge to admit whether this court has subject matter jurisdiction. Bindu makes the same objection to RFA 9, which asks for admission that Plaintiff's medical bills exceed $2,000.00. In its Motion, Plaintiff essentially asks this Court to deem the RFA 1 & 9 admitted, arguing "Bindu is actively litigating in this forum; it cannot credibly claim it doesn't know if it belongs here. On the medical bills, the statutory threshold is low ($2,000), and Bindu has had the bills since last October."[45] Bindu, however, in its responses to the RFAs 1 & 9 states it has conducted a reasonable inquiry and "the information known or readily obtainable by Defendant Bindu is insufficient to enable it to admit or deny the same."[46]

Although the Court may deem a request admitted, Rule 36 does not mandate admissions. Instead, Rule 36 subjects a responding party to sanctions.[47] "The Court does not at this point determine the merit or lack of merit for the substantive content of a request for admission. This is not a dispositive motion."[48] Accordingly, the Court denies the motion as to RFAs 1 & 9.

---

[43] *Ash Grove Cement v. Emps. Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007) ("Fed. R. Civ. P. 36 imposes a duty on the responding party to make a reasonable inquiry to determine its ability to admit or deny.").

[44] *Id.*

[45] Memorandum in Support of Pl.'s Mot. to Compel, Dkt. 54, p. 9.

[46] Def. Bindu's Responses and Objections to Pl.'s First Request for Admission, Dkt. 53-3, pp. 1, 3.

[47] Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The Court may defer its final decision until a pretrial conference or specified time before trial. Rule 37(a)(5) applies to an award of expenses.")

[48] *Ash Grove Cement*, 2007 WL 2333350, at *2.

RFA 6 asks Bindu to admit that "if anyone was negligent in causing the events that are the subject of this litigation, all such parties are currently named in the lawsuit."[49] And RFA 7 asks Bindu to admit that "Plaintiff was in no way responsible for the collision that is the subject of the Complaint."[50] Bindu objects to both requests on the basis the requests are premature and seek "to require it to commit to a specific trial strategy or legal position before discovery is complete."[51] Subject to and without waiving the objection, Bindu denies the requests. The Court overrules Bindu's objections pursuant to Fed. R. Civ. P. 36(a)(5).[52] Bindu must fully respond to RFAs 6 & 7.

RFA 2 asks Bindu to admit it was properly served. Bindu objects to the admission, claiming it calls for a legal conclusion, but nevertheless denies the request. Again, Plaintiff essentially asks the Court to deem RFA 2 admitted, arguing Bindu has filed an Answer without raising insufficient service of process, thus waiving that defense. However, again, the Court will not determine the merit of the substantive content or denial of a request for admission at this point. But "[i]f Defendant later proves a denied matter is true, Federal Rule of Civil Procedure 37(c)(2) provides proper recourse."[53]

RFA 5 asks Bindu to admit its insurance company is providing coverage without a reservation of rights. Bindu responds it is "not aware" of its insurance company issuing any

---

[49] Def. Bindu's Responses and Objections to Pl.'s First Request for Admission, Dkt. 53-3, p. 2.

[50] Id.

[51] Id.

[52] "A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

[53] Id.; Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.").

reservation of rights in connection with this matter.[54] Based on this answer, the Court is unable to determine whether Bindu has made a reasonable inquiry into the content of the RFA pursuant to Fed. R. Civ. P. 36(a)(4). Therefore, the Court orders Bindu to make a reasonable inquiry and supplement its response to RFA 5.

### VI.   Plaintiff's Unopposed Motion for Stay of Discovery or in the Alternative to Amend the Scheduling Order (Dkt. 78)

Plaintiff seeks to stay discovery, or in the alternative to amend the scheduling order in light of the parties' ongoing discovery disputes. This Order should resolve most, if not all, of the parties' pending disputes, and therefore, it grants Plaintiff's motion in the alternative and enters an amended scheduling order.[55] The Court enters the following Amended Scheduling Order:

| 25-cv-2059-JAR-JBW<br>AMENDED SCHEDULING ORDER<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **July 31, 2026** |
| Proposed pretrial order due | **August 7, 2026** |
| Pretrial conference in person KC Courtroom 236 | **August 13, 2026, at 11:00 AM** |
| Potentially dispositive motions (e.g., summary judgment) | **September 11, 2026** |
| Motions challenging admissibility of expert testimony | **September 11, 2026** |
| Jury Trial in KCK – ETT 5 days | **To be set at Pretrial Conference** |

---

[54] Def. Bindu's Responses and Objections to Pl.'s First Request for Admission, Dkt. 53-3, p. 2.

[55] If the parties still have discovery disputes after reviewing this Order, they are ordered to contact the undersigned Magistrate Judge's Chambers only after complying with D. Kan. Rules 37.1 and 37.2.

To the extent this Amended Scheduling Order is inconsistent with the prior scheduling order (Dkt. 35), this Amended Scheduling Order supersedes the earlier one. To the extent that this Amended Scheduling Order does not address dates, deadlines, or requirements included in the earlier scheduling orders, those earlier dates, deadlines, and requirements remain in effect. The parties are advised to review, in particular, the various requirements governing discovery, motions, submission of the pretrial order, and the pretrial conference in the prior Scheduling Order. Those requirements—other than the dates that are changed, as identified herein—remain in place. This Amended Scheduling Order will not be modified except by leave of court upon a showing of good cause.

At the Discovery Conference held on December 17, 2025, Bindu was cautioned that continued failure to respond in good faith to Plaintiff's discovery requests may result in sanctions.[56] In Bindu's response to the Motion to Compel, Bindu set forth several efforts to resolve the disputes at issue, including supplemental production of several documents, and withdrawing a number of objections. The Court does not find it appropriate at this juncture to sanction Bindu or award Plaintiff costs. However, the Court again reminds Bindu of its obligations to timely respond to Plaintiff's discovery requests in good faith. Refusal to do so will result in consequences outlined in Rule 36 and 37, and the Court will liberally consider any request for fees and expenses incurred because of bad faith.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Dkt. 53) is GRANTED IN PART and DENIED IN PART as set out above.

---

[56] *See* Minute Entry, Dkt. 48.

22

**IT IS FURTHER ORDERED** that Bindu shall supplement its discovery responses as set out above and produce all additional responsive documents and a privilege log for any documents withheld on the basis of privilege **within thirty (30) days** of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Scheduling Order (Dkt. 78) is GRANTED.

**IT IS SO ORDERED.**

Dated: May 18, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

23